[No. 2,391.]

# ELIZA P. LAWRENCE v. NATHAN DAVIDSON AND HIRAM TUBBS.

DESCRIPTION OF LAND IN JUDGMENT IN EJECTMENT.—In a judgment in ejectment, if the land recovered is described as bounded by watercourses or by claims of land, as "the Dows claim," or by any object, so that it appears upon the record that its boundaries are capable of being identified in the field, the judgment upon its face is not void for uncertainty.

WRIT OF POSSESSION ON JUDGMENT IN EJECTMENT.—If a writ of possession issued on a judgment in ejectment described the land recovered so that its boundaries appear on the face of the writ to be possible of identification by the Sheriff in the field, the rent is not void for uncertainty of description.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The judgment in ejectment was rendered December 23d, 1868. The complaint described the demanded premises as "situate on the Potrero Nuevo, in the City and County of San Francisco, commencing at the northwest corner of the claim of G. F. & W. H. Sharp, where the same intersects the lands now occupied by Wm. Hawes; thence running northerly on the line of the Hawes claim till it intersects the southerly line of the Christy claim; thence easterly along the southerly line of the Christy claim till it intersects the fence of the land now occupied by Adonijah Fulton ad

versely to W. B. Agard ; thence southerly along said Fulton's fence till the same, continued, will intersect the northerly line fence of G. F. & W. H. Sharp ; thence westerly along the said fence of G. F. & W. H. Sharp to the place of beginning, being known as a part of the Hatch or Fairbanks claim, on the Potrero Nuevo, containing thirteen acres, more or less."

The following is so much of the judgment as relates to the recovery of possession:

"Now, therefore, it is hereby ordered and adjudged that the said plaintiff recover of and from the said defendants the premises herein described: Being all the land described in said complaint, except so much of the same as lies south and east of the following lines, to wit : the line between what is known as the Dows claim and the Fairbanks claim, as described in the deposition of Henry Fairbanks, running up from the Bay of San Francisco in a northwesterly direction, as said line is shown upon the topographical map made by the United States surveyors, A. D. 1857, and offered in evidence in said cause; and a further line running from the northwesterly end of said line, as shown upon said map, running thence in a southwesterly direction to the northeasterly corner of the lot known as the Fairbanks house lot (being the inclosure of his house lot in which he lived, according to his deposition, in 1857 and 1858), as the lines of such inclosure are shown upon the said topographical map so offered in evidence, and the diagram attached to Henry Fairbanks' deposition ; and a further line running thence southerly along the line of the Fairbanks fence, as the line of the same appears upon the diagram attached to the said Fairbanks' deposition, and as the same is shown upon said topographical map, to the north line of what is called, in the depositions in said cause, the Sharp claim."

The writ of possession described the premises as they were described in the judgment.

The other facts are stated in the opinion.

*Campbell, Fox & Campbell*, for Defendants.

The judgment is void for uncertainty in the description of the premises and the impossibility of identifying the land from or by the record or writ of possession. It is void, because it refers to a map not on file in the cause, nor of record for the description of the lands. It is void, because it refers to a map and deposition not stated in the judgment itself to be on file in the cause, and neither of which form part of the judgment, or record, or judgment roll. It is void on its face for uncertainty, and the Sheriff can hold no Court of inquiry for the purpose of ascertaining the identity of the maps referred to, or of the land, beyond the record. (Pr. Act, Secs. 210–58, 201, 203 ; *Caldwell* v. *Center*, 30 Cal. 539 ; *Hahn* v. *Kelly*, 34 Cal. 391—as to what constitutes a judgment roll ; 14 Vin. 612 ; 6 Dane's Ab. 90 ; Lawes on Pldg. 669; 2 Paine, 209 ; 12 Howard's R. 209—on points of certainty required at common law in a judgment.)

The Court has power to prevent the abuse of its own process, and will exercise that power when plaintiff attempts to take that which the judgment does not expressly give him. (Prac. Act, Sec. 345 ; 9 Peters, 4 ; *Dowling* v. *Watson*, 26 Cal. 125; *Rogers* v. *Paul*, 34 Cal. 128; *Tevis* v. *Ellis*, 25 Cal. 515; *Long* v. *Neville*, 29 Cal. 135; *Judson* v. *Malloy*, 40 Cal. 299 ; *Smith* v. *Moore*, 2 Cal. 557 ; *Welch* v. *Sullivan*, 8 Cal. 186 ; *Camden* v. *Haskin*, 3 R. and Va. R. 465; *Drapers' Co.* v. *Wilson*, 2 Starkie, 477.)

It is an abuse of process to attempt to take property under it which the judgment does not give to the plaintiff, and uncertainty avoids the judgment. ( *Woolsey* v. *Clay*, 3 A. K. Marshall, 135; *Minneger* v. *Grinnell*, 9 Mich. 544; *O'Kesson*

v. *Silverthorn,* 8 Watts & Sergt. 247 ; *Stewart* v. *Spear,* 5 Watts, 79.)

*S. M. Wilson,* also for Defendants.

*E. A. Lawrence* and *Wm. Irvine,* for Plaintiff.

This proceeding on the part of the appellant is not to correct the verdict or judgment, or in arrest of the judgment, but to set aside the writ of restitution after it has been fully executed. We do not know of any precedent for such a motion after execution of the writ, unless it ·may be in a case where a party has been wrongfully dispossessed by the Sheriff, who was not a party to the action, and holds under another title than that litigated in the action. (*Mayne* v. *Jones,* 34 Cal. 483; *Watson* v. *Dowling,* 26 id. 124.)

Whether the Sheriff found it necessary to consult the topographical map in order to execute the writ, does not appear, but that he had authority to do so is beyond all dispute. The reference to this map was as certain and authentic an one as though the description had been contained in a recorded deed or other muniment of title, and what is shown by it is as certain in the reference to the objects referred to as though the same objects were presented by a diagram annexed to a deed or the judgment. The following authorities are in point : *Green* v. *Watrous,* 17 Sergt. & R. 393 ; *Ross* v. *Barker,* 5 Watts R. 398 ; *Miller* v. *Casselberry,* 47 Penn. State R. 376 ; *Paul* v. *Smiley,* 4 Mumford R.; Va., 468 ; *McArthur* v. *Porter,* 6 Peters R., U. S., 210 ; *Howard* v. *Moale,* 2 Harris & Johnson's R., Md., 276–280 ; *Whitney, et al.* v. *Buckman,* 19 Cal. 300.

By the Court, WALLACE, C. J.:

Two appeals are presented in this record; one by Davidson, taken from an order denying his motion to set aside a writ of possession and execution; the other by Mrs. Law-

rence, from an order denying her application to dismiss Davidson's motion for a new trial.

The motion for a new trial of the action appears to be still pending and undetermined in the Court below. The application made there to dismiss it was based upon an alleged want of diligence on the part of Davidson in its prosecution, and an alleged non-compliance on his part with the rules adopted by that Court for its own government.

We think that the facts appearing in the record, so far from showing any reprehensible neglect, exhibit a remarkable degree of diligence on the part of the counsel of Davidson, who appears to have used every conceivable endeavor to hasten the proceedings on the motion for a new trial. We think that the Court below correctly denied the application of Mrs. Lawrence.

We think, too, that the motion to set aside the writ of *habere facias* was correctly denied. It was regular on its face, and recited a judgment duly rendered, by which Mrs. Lawrence had recovered certain lands, as described in her complaint, except a certain tract in the writ described, or purporting to be so. We are asked to determine that this description of the excepted tract is void for inherent uncertainty upon its face. If we should do so, it is not clear that Davidson would be much benefited; for it might be argued that the general tract recovered would then remain without any exception whatever. But however this may be, we cannot see upon the record that the description of the excepted tract is necessarily impossible or incapable of identification in the field. The Bay of San Francisco is an object referred to; the "Dows claim," and the "Fairbanks claim," which may, so far as we know, be well ascertained objects, are mentioned, too; and reference is also made to "the topographical map made by the United States Surveyor, A. D. 1857, offered in evidence." To the Sheriff entering upon the general tract to deliver possession, this excepted portion

may, for aught we can see, appear as well defined as is the block bounded by Washington, Jackson, Montgomery, and Sansome streets, in San Francisco. If this view needed any illustration, it is to be found in the fact that the Sheriff here had already delivered possession of the lands recovered before it was suggested to the Court below that the description contained in the writ was void for uncertainty. Under the circumstances, the maxim "*Id certum est*," etc., would seem to have been already practically applied. If the description of the land recovered is so imperfect as to be absolutely void, or if any particular piece of land from which Davidson has been removed is not included within the description, the latter is, of course, at liberty to establish the fact in any proper proceeding where that question could be determined.

The order denying the application to dismiss the motion for a new trial, and the order denying the motion to set aside the writ of *habere facias*, are affirmed.